UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| **GERALD HAUSER** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | Case No: 4:15-cv-00784 |
| ) | |
| ) | |
| **CREDIT BUREAU SERVICES, LLC** ) | |
| ) | |
| **Defendant.** ) | |

## ANSWER TO PLAINTIFF'S PETITION

COMES NOW Defendant, Credit Bureau Services, LLC ("CBS"), by and through its undersigned attorneys, and for its Answer to Plaintiff's Petition, states to this Honorable Court as follows:

## INTRODUCTION AND JURISDICTION

1. In response to Paragraph 1 of Plaintiff's Petition, Defendant admits that Plaintiff's Petition attempts to assert claims under the Fair Debt Collection Practices Act ("FDCPA"). Defendant denies that it has violated the FDCPA or that Plaintiff is entitled to any of the relief requested.

2. In response to Paragraph 2 of Plaintiff's Petition, Defendant admits that Plaintiff's alleged claims pursuant to the FDCPA raise federal question jurisdiction.

3. Defendant states that venue is appropriate in this Court. Defendant denies the remaining allegations contained within Paragraph 3 of Plaintiff's Petition.

4. In response to Paragraph 4 of Plaintiff's Petition, Defendant asserts its right to trial by jury to the extent the same is afforded by law.

1464-007/79599

## PARTIES

5. Defendant lacks knowledge or information sufficient to form a belief as to the allegation(s) contained in Paragraph 5 of Plaintiff's Petition, and therefore denies the same. Additionally, the allegations in part constitute legal conclusions to which no response in necessary.

6. Defendant admits that its principal place of business is in Cape Girardeau and that its principal business purpose is collection of debt. Defendant denies that it is a corporation.

7. Defendant admits that it uses the telephone and mail in the collection of debts. The remaining allegations contained within Paragraph 7 of Plaintiff's Petition constitute legal conclusions to which no response in necessary.

## FACTS

8. Defendant lacks knowledge or information sufficient to form a belief as to the allegation(s) contained in Paragraph 8 of Plaintiff's Petition, and therefore denies the same.

9. Defendant lacks knowledge or information sufficient to form a belief as to the allegation(s) contained in Paragraph 9 of Plaintiff's Petition, and therefore denies the same.

10. Defendant lacks knowledge or information sufficient to form a belief as to the allegation(s) contained in Paragraph 10 of Plaintiff's Petition, and therefore denies the same.

11. Defendant admits the allegation contained within Paragraph 11 of Plaintiff's Petition.

12. Defendant denies the allegations contained within Paragraph 12 of Plaintiff's Petition.

13. In response to Paragraph 13, Defendant admits that Plaintiff disputed the debt. Defendant denies that Plaintiff requested validation of the debt.

14. Defendant denies the allegations contained within Paragraph 14 of Plaintiff's Petition.

15. Defendant denies the allegations contained within Paragraph 15 of Plaintiff's Petition.

16. Defendant denies the allegations contained within Paragraph 16 of Plaintiff's Petition.

17. Defendant lacks knowledge or information sufficient to form a belief as to the allegation(s) contained in Paragraph 17 of Plaintiff's Petition, and therefore denies the same.

18. Defendant lacks knowledge or information sufficient to form a belief as to the allegation(s) contained in Paragraph 18 of Plaintiff's Petition, and therefore denies the same.

19. Defendant lacks knowledge or information sufficient to form a belief as to the allegation(s) contained in Paragraph 19 of Plaintiff's Petition, and therefore denies the same.

20. Defendant denies the allegations contained within Paragraph 20 of Plaintiff's Petition.

21. Defendant denies the allegations contained within Paragraph 21 of Plaintiff's Petition.

## COUNT I: VIOLATION OF THE FDCPA

22. Defendant incorporates by reference all of its denials stated hereinabove to Plaintiff's Petition.

23. In response to Paragraph 23 of Plaintiff's Petition, the allegations contained therein constitute legal conclusions to which no response is necessary.

24. In response to Paragraph 24 of Plaintiff's Petition, the allegations contained therein constitute legal conclusions to which no response is necessary.

25. Defendant denies the allegations contained within Paragraph 25 of Plaintiff's Petition and all of its subparts a – d.

26. Defendant denies the Prayer for Relief under Count I of Plaintiff's Petition and moreover alleges that certain of these allegations constitute legal conclusions to which no response is necessary. To the extent that the allegations in said Prayer for Relief are deemed to be allegations against Defendant, Defendant denies each and every allegation.

## DEMAND FOR JURY TRIAL

Defendant asserts its right to trial by jury to the extent the same is afforded by law.

WHEREFORE Defendant, Credit Bureau Services, LLC, having fully answered Plaintiff's Petition, respectfully prays this Honorable Court dismiss Plaintiff's Petition with prejudice, to tax all costs of this proceeding to Plaintiff, and for such other and further relief as this Honorable Court deems just and proper in the premises.

1464-007/79599

## DEFENDANT'S AFFIRMATIVE DEFENSES TO PLAINTIFF'S PETITION

Defendant, Credit Bureau Services, LLC, by and through its undersigned attorneys, and for its Affirmative Defenses, states to this Honorable Court as follows:

1. By way of further answer and as an affirmative defense, Credit Bureau Services, LLC (hereinafter referred as "Defendant") states that the Petition herein, and each cause of action thereof, fails to set forth facts sufficient to state a claim upon which relief may be granted.

2. By way of further answer and as an affirmative defense, Plaintiff has not been damaged; therefore, Plaintiff may not recover against Defendant.

3. By way of further answer and as an affirmative defense, even assuming a violation of the FDCPA, which is denied, Plaintiff's statutory damage is limited under the FDCPA.

4. By way of further answer and as an affirmative defense, if Plaintiff has suffered any damages, such were caused by the acts or conduct of Plaintiff himself.

5. By way of further answer and as an affirmative defense, if Plaintiff has suffered any damages, such were caused by the acts of others over whom Defendant has no control.

6. By way of further answer and as an affirmative defense, Plaintiff failed to mitigate his damages.

7. Defendant reserves its right to allege other defenses as discovery and investigation proceed.

Dated: May 26, 2015.

1464-007/79599

        Respectfully submitted,

        FRANKEL, RUBIN, BOND, DUBIN,
           SIEGEL & KLEIN, P.C.

        By: /S/ MAYER S. KLEIN
          MAYER S. KLEIN, #MO32605
          mklein@frankelrubin.com
          231 S. Bemiston, Suite 1111
          Clayton, Missouri  63105
          Telephone: (314) 725-8000
          Facsimile:  (314) 726-5837
          ***Attorney for Defendant CBS***

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this 26th day of May 2015, a true and correct copy of the foregoing documents was filed electronically through the Courts electronic filing system to:

Steven Andrew Donner
Aektra Letal, LLC
1108 Olive St., Suite 200
St. Louis, Missouri 63111

        /S/ MAYER S. KLEIN
        MAYER S. KLEIN

1464-007/79599